# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN N. JACKSON, #1002884
    Petitioner,

v.                                             ACTION NO. 2:10cv569

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

**A. Background**

Petitioner Kevin N. Jackson ("Petitioner" or "Jackson") was convicted in York Circuit Court and Williamsburg/James City County Circuit Court for offenses which occurred in 1985, and is serving a life sentence plus eighteen years for multiple offenses including first degree murder. Petitioner is currently serving his sentence in the Greensville Correctional Center. Petitioner is not challenging any aspect of his conviction, only the denials of parole by the Virginia Parole Board.

Petitioner became eligible for discretionary parole on May 30, 1998. Since that date, Petitioner has been reviewed for release by the Virginia Parole Board. Petitioner was heard in 1999, 2002, 2003 and 2010, and his review has been deferred twice, once in 1999 for three years and once in 2003 for another three years. He has been denied discretionary parole after all of his hearings. After each parole hearing, Petitioner was furnished with "no grant" letters from the Virginia Parole Board detailing the reasons for not granting Petitioner discretionary parole. The primary reason cited in Petitioner's "no grant" letters is that due to the "serious nature and circumstances of his offenses and crimes he committed" he could not be released. Petitioner will have an opportunity to be reviewed for discretionary parole again in 2011, but may never be considered eligible for mandatory parole due to his life sentence.

Petitioner filed a petition for a writ of habeas corpus to the Supreme Court of Virginia, alleging substantially the same grounds alleged in the petition before this Court. On September 14, 2010, the Supreme Court of Virginia dismissed Jackson's petition for habeas, stating that "[o]n consideration . . . habeas corpus does not lie in this matter." Or. at 1, ECF No. 1-1.

Petitioner filed the current petition for habeas corpus with this Court on November 19, 2010, pursuant to 28 U.S.C. § 2254 (2006). Pet., ECF No. 1. Respondent filed a Rule 5 Answer and Motion to Dismiss on December 30, 2010. ECF Nos. 7 and 8. Petitioner filed a response in opposition to Respondent's Motion to Dismiss on January 13, 2011. ECF No. 11. To the extent that Petitioner requested an evidentiary hearing in his petition (Pet. at 26), the Court DENIES the request, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the matter is now ripe for adjudication.

**B. Grounds Alleged**

Petitioner asserts that he is entitled to § 2254 relief because:

(1) Respondent has denied him release on parole without statutory authority;

(2) Va. Code § 53.1-136(2), governing parole eligibility, is void for vagueness creating a suspect classification;

(3) The Attorney General of Virginia denied him due process by arguing to increase the power and authority of the Parole Board; and

(4) The deferral of his parole consideration is essentially an additional sentence in violation of his rights to due process and fair and equal treatment.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion and Procedural Default**

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." Id. at 1436. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction

proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Jackson has exhausted the available state court claims as to all of the outlined allegations stated above as required by 28 U.S.C. § 2254(b). Jackson's petition to the Supreme Court of Virginia for writ of habeas corpus contained substantially similar claims raised in his petition to this Court. The Supreme Court of Virginia's dismissal order of September 14, 2010 constituted an adjudication on the merits. See Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011) (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"); Parker v. Angelone, 959 F.Supp. 319 (E.D. Va. 1997) (detailing the prerequisites that a court opinion must contain to qualify as an "adjudication" under § 2254(d)). Accordingly, Petitioner has properly exhausted his state court claims and this action is ripe for federal review.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of

4

'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

**C. Merits**

    1. Ground 1

Petitioner has alleged in Ground 1 that the Parole Board's decision not to grant him discretionary release on parole is without statutory authority. He claims that his release, which he has earned through his good-time credits, is mandated by the Virginia Code § 53.1-136(2), and his continued detention is unlawful in violation of due process. The portion of the Code that Petitioner is challenging reads: "[T]he Board shall: (2) Release on parole for such time and upon such conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible and are found suitable for parole, according to those rules adopted pursuant to subdivision 1. . . ." Va. Code § 53.1-136(2) (2010). Petitioner argues that the word "shall" imposes a mandatory duty on the Parole Board to release Petitioner as soon as he is eligible. This argument is without merit. The statute does not contemplate a mandatory scheme, but instead allows for the Board to consider the "suitability" of the prisoner up for review. There is no requirement that all prisoners eligible for parole must be found suitable. The Parole Board considers a myriad of factors in determining if a prisoner is suited for early release. One of those

5

factors is the nature of the crime for which the prisoner is in custody. The Parole Board adopts their own factors, pursuant to the statute and utilizes these factors to guide their decision. McCollum Affidavit, ECF No. 9-3.

Further, Petitioner has no liberty interest in early release on parole. Prisoners have no fundamental constitutional right to parole. Id. at 862; Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989) (citing Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Although under no obligation to, Virginia established a parole system to determine whether prisoners may be released on parole. See Va. Code § 53.1-151 (2010) (establishing a prisoner's eligibility for parole). "The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008) (citing Hill v. Jackson, 64 F.3d 163, 170-71 (4th Cir. 1995)); see also Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991). However, prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole. Hill, 64 F.3d at 170; Neal, 2008 WL 728892, at *2 (emphasis added). With this limited liberty interest in consideration for parole comes a limited level of due process. The Fourth Circuit has held that "where [a] court has found that a parole statute establishes a liberty interest . . . inmates are entitled to no more than minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). To establish minimal procedural due process requirements in a parole setting, the Board must do "no more than [provide] a statement of reasons indicating to the inmate why parole has been denied." Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986); see also Vann, 73 F.3d at 522.

A review of the record has demonstrated that Petitioner has not been denied parole in violation of due process. The statute does not mandate parole to those eligible, nor does it create a liberty interest in parole. To the extent that the statute grants Petitioner a limited interest in consideration of parole, the requirements of due process have been met. Petitioner has been heard periodically since he became eligible on May 30, 1998. Further, for each denial of parole, the Petitioner has received a letter from the Board of Parole citing the nature and circumstances of his offense as the reason for denial. McCollum Affidavit Enclosures C, D. The Supreme Court of Virginia's dismissal of Petitioner's state petition as meritless is not contrary to or an unreasonable application of federal law.

2. Ground 2

In Ground 2, Petitioner alleges that Va. Code § 53.1-136(2) is void for vagueness and creates a suspect classification of those "found suitable" for parole, and others who are similarly situated. Further, he claims that by failing to obey statutory mandates, the Commonwealth is engaged in denying Petitioner his due process. Essentially, Petitioner seems to be claiming that to the extent that statutory authority grants discretion to the Parole Board when making parole release decisions, the statute is void for vagueness. This argument is without merit.

The Supreme Court has stated that discretionary parole "by its very definition" is subject to change "in the manner in which it is informed and then exercised." Garner v. Jones, 529 U.S. 244, 253 (2000). The Court sees this change, not as a denial of rights, but as a way to "adapt based on experience" and fluidly incorporate "[n]ew insights into the accuracy of predictions about the offense and the risk of recidivism consequent upon the offender's release," and other factors which inform parole decisions. Id. Petitioner has provided no specific instances or

7

factual basis for his allegation of denial of due process, other than his assertions that are directly in conflict with the Supreme Court's pronouncements. Moreover, Petitioner was not denied due process of law in his parole board denial as discussed above. See supra Ground 1. The Supreme Court of Virginia's dismissal of Petitioner's petition for habeas corpus was not contrary to nor involved an unreasonable application of federal law.

3. Ground 3

Petitioner's allegations in Ground 3 charge a general denial of due process by the Attorney General's Office of Virginia. He appears to be alleging a conspiracy among those at the Attorney General's Office to deny Petitioner due process of law through exerting undue influence on the legislative branch of the Commonwealth. Petitioner claims that the Attorney General and Governor's policies disfavoring parole are being carried out by deliberately misleading the courts as to how the Parole Board is operating. Petitioner does not support his argument with specific facts, only general allegations of conspiracy and violation of separation of powers. Petitioner's allegations cannot be relied upon in considering his legal challenge without underlying factual support. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (stating that courts need not accept legal conclusions as true when couched as factual assertions). Because Petitioner presents no factual assertions in Ground 3, the Supreme Court of Virginia's decision to dismiss his habeas corpus petition is not contrary to nor an unreasonable application of federal law.

4. Ground 4

Finally, in Ground 4, Petitioner alleges that he was denied procedural due process and fair and equal treatment each time his parole hearings were deferred, once in 1999 and again in

2003. He claims that each deferral acts as a "new sentence." Further, he claims that Respondent's use of the same reason for deferral of parole ("serious nature and circumstances of the offense"), as the Parole Board's reason to not grant discretionary parole is in violation of the due process clause. This final argument is meritless.

The Virginia Parole Board's decision to allow for deferrals of parole is constitutionally permissible as affirmed by California Dept. of Corrections v. Morales, 514 U.S. 499 (1995) (finding that deferral of parole is not an retroactive law change in violation of the ex post facto clause). As discussed above, Petitioner has no liberty interest in being granted early parole, only a limited interest in being considered for parole. The Respondent has established that Petitioner was afforded his due process rights because he was considered for parole at regular intervals, and was provided with written decisions stating the reasons for denying release. See supra Ground 1. Petitioner is not being denied his right to consideration for parole; in fact he has been considered for parole on a number of occasions, most recently in 2010. The delay caused by the parole deferrals are within the broad discretion given by the Virginia legislature to the Parole Board in conducting its review of those inmates eligible for parole, and the Board has provided Petitioner with appropriate due process to comport with the Constitution.

To the extent that Petitioner is attempting to raise an equal protection claim by Ground 4 by alleging a violation of "fair and equal treatment," this challenge is also meritless. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To be successful on an equal protection claim, "a [petitioner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal

treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. Petitioner has asserted no facts which demonstrate that he is being treated differently, *and* that this treatment is a result of purposeful discrimination. On the contrary, the Petitioner repeatedly states that factor most considered by the Parole Board is the seriousness of the felony; a permissible factor. Petitioner offers no factual support that the Parole Board is applying this factor in a discriminatory way to a suspect class. Moss, 886 F.2d at 690 ("[P]risoners are not a suspect class."). Therefore, the Supreme Court of Virginia's dismissal of Jackson's petition for habeas corpus is not contrary to nor an unreasonable application of federal law.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED and the Respondent's Motion to Dismiss (ECF No. 8) be GRANTED. After a review on the merits of Petitioner's claims, Jackson has failed to demonstrate that the Supreme Court of Virginia's decision to dismiss his petition for writ of habeas corpus was contrary to or an unreasonable application of federal law.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of

the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

                                                                                                                                                          _____/s/_____
                                                                                                                                                          Tommy E. Miller
                                                                                                                   United States Magistrate Judge

Norfolk, Virginia
March 29, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Kevin N. Jackson, #1002884
Buckingham Correctional Center
P.O. Box 430
Dillwyn, VA 23936

Richard Carson Vorhis
Assistant Attorney General
Counsel for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
March 29, 2011